IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| MUHAMMED K. ABBASI, | ) | |
| a/k/a MUHAMMAD ABBASI, | ) | |
| Debtor, | ) | CASE No.: 20-13321-ELF |
| | ) | |
| PHILADELPHIA FEDERAL | ) | |
| CREDIT UNION, | ) | **HEARING DATE:** |
| Movant | ) | Tuesday, March 30, 2021 |
| vs. | ) | 9:30 a.m. |
| | ) | |
| MUHAMMED K. ABBASI, | ) | **LOCATION:** |
| a/k/a MUHAMMAD ABBASI, | ) | U.S. Bankruptcy Court |
| Respondent | ) | Eastern District of Pennsylvania |
| and | ) | Courtroom #1 |
| WILLIAM C. MILLER | ) | 900 Market Street |
| Trustee | ) | Philadelphia, PA 19107 |

**STIPULATION**

COME NOW, this ____ day of _____, 2021, *Muhammed K. Abbasi*, through Debtor's attorney, *Brad J. Sadek, Esquire*, and Philadelphia Federal Credit Union ("PFCU") by and through its attorneys, Mester & Schwartz, P.C., hereby stipulate the following terms of settlement of the Motion for Relief from the Automatic Stay:

WHEREAS the Debtor owns a 2016 Dodge Truck Journey, V.I.N. 3C4PDCAB8GT164601 ("vehicle"); and

WHEREAS PFCU files a Motion for Relief from the Automatic Stay ("Motion") with respect to missed post-petition payments; and

WHEREAS the Debtor and PFCU seek to resolve the Motion; it is hereby stipulated and agreed that:

1. The post-petition delinquency is $688.00 in attorney's fees and costs as of March 24, 2021.

2. The Debtor shall cure post-petition arrears with six (6) monthly installments of $114.67, paid on the 19th of each month, together with regular monthly payment of $288.36, totaling $403.03, starting on April 19, 2021 through and including September 19, 2021.

3. Thereafter, the Debtor shall remain current with regular monthly payments paid

directly to the Movant starting with the regular monthly payment of $429.12 due on October 19, 2021, and all such future payments due every month thereafter.

4. If Debtor shall fail to make the regular monthly payment (or any portion thereof) or fail to make payment toward the curing of the arrears as set forth above and Debtor fails to cure said default within fifteen (15) days after notice by PFCU (or its counsel) of said default, counsel for PFCU may file a Certification of Default with the Court setting forth Debtor's default and PFCU shall be granted relief from the automatic stay provisions of Sections 362 of the Bankruptcy Code (11 U.S.C. § 362), and PFCU is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law without regard to any future conversion of this matter to a different form of bankruptcy. The Debtor shall be allowed to default and cure such default under this Stipulation one (1) time. Should the Debtor default a second (2nd) time, notice of the default will be served, but the Debtor will not be granted an opportunity to cure the default and PFCU may file a Certification of Default.

5. In the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then Debtor shall pay all pre-petition arrears and post-petition arrears due and owing within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter. If Debtor fails to make payment in accordance with this paragraph, then PFCU, through counsel, may file a Certification of Default setting forth said failure and PFCU shall be granted relief from the automatic stay provisions of Section 362 of the Bankruptcy Code (11 U.S.C. § 362) and PFCU is then also free to proceed with exercising its rights and remedies as may be allowed under State and Federal law.

6. The failure by PFCU, at any time, to issue a Notice of Default or file a Certification of Default upon default by the Debtor shall not be construed, nor shall such failure act, as a waiver of any of PFCU's rights hereunder.

7. This Stipulation is a supplement and in addition to the Contract between the parties and not in lieu thereof.

8. Facsimile signatures shall be accorded the same force and effect as an original signature, and may be submitted to the Court.

SO ORDERED
BY THE COURT:

_____
Eric L. Frank
U.S. Bankruptcy Judge

Post-Petition Arrears:        $    0.00
Counsel Fees:                 $  688.00
*Total:*                      *$  688.00*

Philadelphia Federal Credit Union
By Counsel: Mester & Schwartz, P.C.

By: _____
Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130
(267) 909-9036

DATED: 3/25/21

Seen and agreed to -- We hereby consent to the form and entry of the foregoing Order.

**Debtor: Muhammed K. Abbasi**
By Counsel for Debtor: Brad J. Sadek, Esquire

By: _____
Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street
Suite 502
Philadelphia, PA 19107
(215) 545-0008

DATED:

**Chapter 13 Trustee**

By: /s/ LeRoy W. Etheridge
    William C. Miller, Trustee
    P.O. Box 1229
    Philadelphia, PA 19105
    (215) 627-1377

\*\* The Standing Trustee has indicated that he has no objection to its terms without prejudice to any of his rights and remedies, and has authorized us to affix his electronic signature.

Please send copies to:

Muhammed K. Abbasi
747 Clinton Avenue
Bensalem, PA 19020

Brad J. Sadek, Esq.
Sadek and Cooper
1315 Walnut Street
Suite 502
Philadelphia, PA 19107

William C. Miller, Esq.
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

Office of the U.S. Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA 19106

Jason Brett Schwartz, Esquire
Mester & Schwartz, P.C.
1917 Brown Street
Philadelphia, PA 19130